# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **JAMES AND WILMA SELF** | * | **CIVIL ACTION NO. 19-927** |
| | * | |
| **VS.** | * | **HONORABLE JUDGE** _____ |
| | * | |
| **BHP BILLITON PETROLEUM** | * | |
| **(TXLA OPERATING) COMPANY** | * | **MAGISTRATE JUDGE** _____ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant, BHP Billiton Petroleum (TXLA Operating) Company ("Defendant"), with full reservation of any and all defenses, exceptions, and objections, whether in state court or federal court, including objections to personal jurisdiction, venue, forum selection, and convenience of the forum, hereby removes to this Court the civil action now pending in the 39th Judicial District Court, Red River Parish, State of Louisiana, entitled *James and Wilma Self versus BHP Billiton Petroleum (TXLA Operating) Co.*, No. 37402 (the "State Court Action"), upon showing that:

1.

On March 22, 2019, James and Wilma Self ("Plaintiffs") filed the State Court Action as purported representatives of a named putative class of unleased mineral owner plaintiffs, seeking class certification, declaratory and injunctive relief, and damages relating to BHP's alleged deductions of certain post-production costs from oil and gas production revenue associated with the putative class members' respective properties. A copy of Plaintiffs' "Petition Against BHP

Billiton Petroleum (TXLA Operating) Company For Class Certification, Declaratory Judgment, Injunctive Relief, and Damages" is attached as Exhibit 1, as required by 28 U.S.C. § 1446(a).

2.

Defendant was served with the citation and Petition on June 19, 2019. *See* Exhibit 1. This Notice of Removal is timely filed within thirty days from the date of receipt of service of the State Court Action, which was defendant's first notice of the filing of the State Court Action, as required by 28 U.S.C. § 1446(b).

3.

This action may be removed to this Court pursuant to 28 U.S.C. § 1441 and § 1453 in that this is a civil action of which this Court has original jurisdiction.

4.

This Court has original jurisdiction over the State Court Action between the named parties pursuant to 28 U.S.C. § 1332(a), because, as set forth below and in the Declarations[1] attached hereto, complete diversity exists between the parties and the amount in controversy exceeds $75,000.

5.

Plaintiffs and Defendant are citizens of different states. Plaintiffs, James and Wilma Self, allege to be natural persons domiciled in Red River Parish, Louisiana.[2] Defendant, BHP, is a Delaware corporation with its principal place of business in Houston, Texas. 28 U.S.C. § 1332(c) states that a corporation is deemed to be a citizen of the state in which it is incorporated and where

---

[1] *See* 28 U.S.C. § 1746 for requirements of Unsworn Declarations Under Penalty of Perjury.
[2] Exhibit 1, ¶ 15.

it has its principal place of business. Therefore, Plaintiffs are citizens of Louisiana, BHP is a citizen of Delaware and Texas, and 28 U.S.C. § 1332(a)'s diversity requirement is satisfied.

6.

The well/unit associated with solely the named Plaintiffs is the Nichols 11H-2 (HA RA SUE Unit). The total amount of marketing/post-production costs associated with the well/unit is $9,553,621.00.[3] The unit decimal representing the named Plaintiffs' unleased interest in the well/unit is .03198.[4] Multiplying the unit decimal associated with Plaintiffs' unleased interest against the total marketing/post-production costs associated with the applicable well/unit shows that the total amount of marketing/post-production costs associated solely with the named Plaintiffs is $305,524.80. Therefore, the amount in controversy exceeds $75,000, exclusive of interests and costs, and the requirements of 28 U.S.C. § 1332(a) are satisfied.

7.

This Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The State Court Action purports to be a "class action" as defined by 28 U.S.C. § 1332(d)(1)(B), Defendant is a citizen of a different state than a member of the putative class of Plaintiffs, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the putative class exceeds 100 members.

8.

28 U.S.C. § 1332(d) grants Federal District Courts with original jurisdiction over "class actions," defined as an action brought pursuant to Federal Rule of Civil Procedure 23, or similar state rule of judicial procedure authorizing an action to be brought by 1 or more representative

---

[3] Exhibit 2, Declaration Pursuant to 28 U.S.C. § 1746 of Vanessa Bastian, ¶ 4.

[4] Exhibit 3, Declaration Pursuant to 28 U.S.C. § 1746 of Cassie Baldwin, ¶ 5.

persons as a class action.[5] Plaintiffs have brought the State Court Action under Louisiana Code of Civil Procedure art. 591 "individually and on behalf of all others similarly situated."[6] La. C.C.P. art. 591 *et seq.* are Louisiana's Civil Procedure articles which provide a mechanism for representative persons to bring an action as a class action. Therefore, 28 U.S.C. § 1332(d) applies to the State Court Action for the purpose of establishing this Court's jurisdiction.

9.

The parties are citizens of different states and the minimal diversity requirement of CAFA is satisfied. 28 U.S.C. § 1332(d)'s jurisdictional requirements dictate that any member of a class of plaintiffs be a citizen of a different state than any defendant.[7] For the reasons set forth in Paragraph 5, above, Plaintiffs are citizens of Louisiana, and Defendant is a citizen of Delaware and Texas. CAFA's diversity requirement is satisfied.

10.

The scope of the putative class exceeds 100 members. BHP and its affiliated entities currently provide unleased mineral owner reports to hundreds of unleased mineral owners, and there are over 100 unleased mineral owners in the wells/units operated by BHP and its affiliated entities.[8] Furthermore, Plaintiffs' Complaint alleges that the putative class in this action numbers in the thousands.[9] As a result, CAFA's requirement for class numerosity under 28 U.S.C. § 1332(d)(5) is satisfied.

---

[5] 28 U.S.C. § 1332(d)(1)(B).

[6] *See* Exhibit 1, p. 1.

[7] 28 U.S.C. § 1332(d)(2)(A).

[8] Exhibit 2, Declaration Pursuant to 28 U.S.C. § 1746 of Vanessa Bastian, ¶ 3.

[9] *See* Exhibit 1, p. 14.

11.

The amount in controversy exceeds $5,000,000, exclusive of interests and costs. Although Plaintiffs have not alleged a specific amount in controversy, upon removal, Federal Courts are permitted to consider "summary judgment type evidence" to establish the amount in controversy when it is not facially apparent from the petition.[10] As evidenced by the attached Declarations, the putative class, if certified, would consist of hundreds of members.[11] In order to show that this action seeks damages in excess of $5,000,000.00, BHP selected a subset of wells/units and determined the minimum amount of marketing/post-production costs associated with the unleased mineral interests for the selected wells/units by multiplying the total amount of marketing/post-production costs associated with the wells/units against the unit decimal(s) associated with unleased mineral interests within each well/unit.

12.

The total amount of marketing/post-production costs associated with each of the selected wells/units is as follows:

| | | | |
|---|---|---|---|
| a. | Nichols 11H-2 | HA RA SUE | $9,553,621.00 |
| b. | Kervin 18H-1 | HA RB SU79 | $6,157,139.00 |
| c. | Henry Thrash 24H-1 | HA RA SUFF | $5,287,598.00 |
| d. | Bolton 35H-1 | HA RA SU86 | $7,278,812.00 |
| e. | Langford 23H-1 | HA RA SU63 | $5,489,929.00.[12] |

---

[10] *Scarlott v. Nissan North America, Inc.*, 771 F. 3d 883, 888 (5th Cir. 2014); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995).

[11] Exhibit 2, Declaration Pursuant to 28 U.S.C. § 1746 of Vanessa Bastian, ¶ 3.

[12] Exhibit 2, Declaration Pursuant to 28 U.S.C. § 1746 of Vanessa Bastian, ¶ 4.

13.

The unit decimals representing the minimum percentage of unleased mineral ownership in the referenced wells/units is as follows:

| | | | |
|---|---|---|---|
| a. | Nichols 11H-2 | HA RA SUE | .10259 |
| b. | Kervin 18H-1 | HA RB SU79 | .06248 |
| c. | Henry Thrash 24H-1 | HA RA SUFF | .0808736 |
| d. | Bolton 35H-1 | HA RA SU86 | .21133871 |
| e. | Langford 23H-1 | HA RA SU63 | .50793131.[13] |

14.

Multiplying the unit decimals referenced in Paragraph 13 against the total marketing/post-production costs associated with the applicable wells/units referenced in Paragraph 12 results in the following figures that represent the minimum amount of marketing/post-production costs that are associated with unleased mineral interests in the referenced wells:

| | | | |
|---|---|---|---|
| a. | Nichols 11H-2 | HA RA SUE | $980,105.98 |
| b. | Kervin 18H-1 | HA RB SU79 | $384,698.04 |
| c. | Henry Thrash 24H-1 | HA RA SUFF | $427,627.09 |
| d. | Bolton 35H-1 | HA RA SU86 | $1,538,294.74 |
| e. | Langford 23H-1 | HA RA SU63 | $2,788,506.83. |

The sum of these figures equals $6,119,232.68 which Plaintiffs allege BHP has improperly charged to the members of the putative class. This amount exceeds $5,000,000, exclusive of interest and costs. Therefore, the amount in controversy requirement of § 1332(d)(2) is satisfied.

---

[13] Exhibit 3, Declaration Pursuant to 28 U.S.C. § 1746 of Cassie Baldwin, ¶ 3.

15.

Furthermore, the figures referenced in Paragraph 14 only represent the amount of marketing/post-production costs associated with a select group of wells/units, and additional unleased interests may exist in the wells/units referenced in Paragraph 14 and in other wells/units operated by BHP that are not referenced herein.[14]

16.

Furthermore, Plaintiffs' Complaint alleges that Plaintiff's "claims are typical of the claims of the members of the Class."[15] Based upon the amount of marketing/post-production costs associated with solely the named Plaintiffs referenced above ($305,524.80), the aggregated damages of the putative class far exceeds the $5,000,000.00 threshold under CAFA when one considers the "thousands" of putative class members alleged by Plaintiffs' Complaint.

17.

When removing a putative class action under 28 U.S.C. § 1453, consent of all defendants is not necessary.[16] In any event, BHP is the only defendant in this action, so consent is likewise unnecessary to effect removal under 28 U.S.C. § 1332(a).

18.

The United States District Court for the Western District of Louisiana is the district in which the State Court Action is pending. Pursuant to 28 U.S.C. § 1441(a) and § 1453, removal is proper to the Western District, Shreveport Division, as the district court for the district where the State Court Action is pending.

---

[14] Exhibit 3, Declaration Pursuant to 28 U.S.C. § 1746 of Cassie Baldwin, ¶ 4.

[15] Exhibit 1, p. 15.

[16] 28 U.S.C. § 1453.

19.

BHP is simultaneously giving written notice of the filing of this Notice of Removal to Plaintiffs as required by 28 U.S.C. § 1446(d).

20.

BHP is simultaneously filing a copy of this Notice of Removal with the Clerk of Court for the 39th Judicial District Court, Red River Parish, State of Louisiana, as required by 28 U.S.C. § 1446(d).

21.

By virtue of this Notice of Removal, BHP does not waive its rights to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure.

22.

BHP attaches hereto a copy of all process, pleadings and orders in the State Court Action along with this Notice of Removal. These documents *in globo* constitute the entire State Court Action Record.

23.

Pursuant to Western District of Louisiana Local Rule 3.1, BHP represents that the State Court Action herein removed involves subject matter that comprises a material part of the subject matter of other civil actions pending before this Court. In accordance with Local Rule 3.1, attached to this Notice of Removal is a list of these matters and a brief summary of their relationship.

**WHEREFORE,** BHP Billiton Petroleum (TXLA Operating) Co. removes the State Court Action from the 39th Judicial District Court, Red River Parish, State of Louisiana, to the United States District Court for the Western District of Louisiana, Shreveport Division.

Respectfully submitted,

**LISKOW & LEWIS**

s/April L. Rolen-Ogden
April Rolen-Ogden (Bar # 30698)
Brittan J. Bush (Bar # 34472)
Michael Ishee (Bar # 36507)
Gus E. Laggner (Bar # 37757)
822 Harding Street
Lafayette, Louisiana 70503
Telephone: (337) 232-7424
Facsimile: (337) 267-2399
Email:   arolen-ogden@liskow.com
         bjbush@liskow.com
         mhishee@liskow.com
         glaggner@liskow.com

Paul M. Adkins (# 14043)
451 Florida Blvd - Suite 1150
Baton Rouge, Louisiana 70801
Telephone (225) 341-4684
Facsimile: (225) 341-5653
padkins@liskow.com

Attorneys for BHP Billiton Petroleum (TXLA Operating) Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of July, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, and I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document with exhibits and notice of electronic filing to the attorneys for all parties.

s/April L. Rolen-Ogden
April L. Rolen-Ogden